# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO CERTIFICATION NO. EPL 20044M,<br>            Plaintiffs,<br>    v.<br>MANDELL, MENKES & SURDYK, LLC., and LEONARD S. SURDYK,<br>            Defendants. | 1:08-CV-0718 AWI GSA<br><br>ORDER DENYING MOTION TO DISMISS AS MOOT<br><br>ORDER VACATING JULY 21, 2008 HEARING<br><br>(Document #6) |

## BACKGROUND

This action alleges Defendants committed legal malpractice and breached their fiduciary duty. On May 21, 2008, Defendants removed this action to this court because the parties are citizens of different states and over $75,000.00 is in controversy.

On May 29, 2008, Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On June 13, 2008, the parties stipulated to move the hearing date on Defendants' motion to July 21, 2008.

On July 3, 2008, Plaintiffs filed a first amended complaint.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend only by leave of court. . . ." A motion to dismiss for failure to

state claim is not a "responsive pleading" that would terminate a plaintiff's right to amend the complaint.  <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir.1995); <u>Schreiber Distrib. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir.1986); <u>Mayes v. Leipziger</u>, 729 F.2d 1389 605, 607 (9th Cir.1984); <u>Breier v. Northern California Bowling Proprietors' Ass'n</u>, 316 F.2d 787, 789 (9th Cir.1963).  Because Defendants did not file a responsive pleading, but only a motion to dismiss, Plaintiffs did not need leave of court to file the first amended complaint. <u>See</u> <u>Allwaste, Inc. v. Hecht</u>, 65 F.3d 1523, 1530 (9th Cir. 1995); <u>Doe</u>, 58 F.3d at 497.

The first amended complaint superseded the original complaint in its entirety, and the court is now proceeding with the first amended complaint. <u>See</u> <u>London v. Coopers & Lybrand</u>, 644 F.2d 811 (9th Cir.1981); <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).   Thus, Defendants' motion to dismiss addressing the original complaint is now moot.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendants' May 29, 2008 motion to dismiss is DENIED as moot;
2. The July 21, 2008 hearing date is VACATED;
3. This action will proceed on the first amended complaint, filed on July 3, 2008; and
4. Defendants' motion to dismiss the first amended complaint, set for oral argument on August 18, 2008, remains pending before the court.

IT IS SO ORDERED.

**Dated:   July 15, 2008**             /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE